UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSEPH FLORES, :
        Plaintiff, :
         :
    v. : CA 11-69 M
         :
ASHBEL T. WALL, NANCY BAILEY, :
JAMES WEEDEN, JEFFREY ACETO, :
LIEUTENANT ODEN, OFFICER HETO, :
OFFICER MIDWOOD, and OFFICER :
MONTECARBRO,[1] :
        Defendants. :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    Before the Court is Plaintiff's Motion for the Complete Dismissal, Disqualification of Deposition of Plaintiff as Prejudicial Done in a Bad Faith Manner, and Sanctions (Docket ("Dkt.") #32) ("Motion for Disqualification of Deposition" or "Motion"). Reading Plaintiff's *pro se* Motion with solicitude, the Court treats the Motion as seeking to bar Defendants from making any use of his deposition. See Ibrahim v. United States, No. 09-cv-1909 (ENV)(VVP), 2012 WL 2254199, at *2 (E.D.N.Y. Mar. 9, 2012)(construing *pro se* plaintiff's motion papers to "raise the

---

[1] The names of the Defendants are spelled in the caption as they appear in the Amended Complaint (Dkt. #11). However, based on Defendants' Memorandum in support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Defendant Oden's Motion for Summary Judgment (Dkt. #29) ("Defendants' Dismissal Mem."), Heto should be "Hetu" and Montecarbro should be "Montecalvo." See Defendants' Dismissal Mem. at 9. Hereafter, the Court uses the corrected spellings.

strongest arguments they suggest")(quoting <u>Bertin v. United States</u>, 478 F.3d 489, 491 (2nd Cir. 2007)), <u>see also</u> Motion at 1-9. The Motion has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for preliminary review, findings, and recommended disposition. The Court has determined that no hearing is necessary. After reviewing the filings and performing independent research, I recommend that the Motion be granted.

**I.   Background**

   **A.   General**

This is an action brought pursuant to 42 U.S.C. § 1983 by Plaintiff Joseph Flores ("Plaintiff" or "Flores"), a prisoner at the Adult Correctional institutions in Cranston, Rhode Island, for alleged deprivation of rights secured by the Constitution of the United States.   <u>See</u> Amended Complaint (Dkt. #11) at 1-2.[2] Plaintiff seeks declaratory and injunctive relief, including a temporary restraining order. <u>See</u> <u>id.</u> at 2. Although his pleading is prolix, Flores has two primary complaints. First, he alleges that prison officials have spread rumors that he is a homosexual and a "snitch," <u>id.</u> at 4, from New Mexico and that these rumors have placed him in danger from other inmates and resulted in him being assaulted, <u>id.</u>  Second, Flores alleges that at 9:00 p.m. on September 30, 2010, Lieutenant Oden ("Lt. Oden" or "Oden") came to

---

   [2] The Court has renumbered the pages of the Amended Complaint and numbered each Attachment ("Att."). <u>See</u> Report and Recommendation of 8/31/12 (Dkt. #41) ("R & R of 8/31/12") at 2 n.3.

2

his cell, ordered him to stand close to the door, and reached in and touched Flores's penis and groin area. Id. at 6-7. Plaintiff claims that he immediately jumped back in fear and that Lt. Oden smiled and walked away. Id. at 7.[3]

### B. Specific to Motion

On January 24, 2012, approximately two months before the Court received the instant Motion, Defendants filed a motion to take Flores's deposition. See Defendants' Motion to Take the Deposition of Plaintiff (Dkt. #26) ("Motion to Take Deposition"). Defendants represent that Flores was "notified/served with said motion as well as a notice of deposition scheduled for January 30, 2012." Defendants' Memorandum ("Defendants' Extension Mem.")[4] at 3. Factual discovery was scheduled to close on that date pursuant to the Standard Pretrial Order (Dkt. #22) ("Pretrial Order"). However, Defendants did not take Flores's deposition on January 30, 2012, because their Motion to Take Deposition had not been ruled upon. See Defendants' Extension Mem. at 3.

Defendants moved on February 28, 2012, for an extension of time within which to complete discovery and to file a dispositive

---

[3] The Amended Complaint contains other allegations of mistreatment, but Plaintiff has failed to identify the persons committing, or responsible for, the acts about which he complains. See R & R of 8/31/12 at 3-4. Therefore, the Court dispenses with discussion of allegations which are not attributed to any named Defendants.

[4] Defendants' Extension Mem. is the memorandum filed in support of Defendants' Motion for Extension of Time (Dkt. #27) ("Motion for Extension").

3

motion. See Defendants' Motion for Extension of Time (Dkt. #27) ("Motion for Extension"). In a text order entered the following day, District Judge John J. McConnell, Jr. ("Judge McConnell"), granted the Motion to Take Deposition. In a second text order also entered on February 29, 2012, Judge McConnell granted Defendants' Motion for Extension, ordered that Defendants take Flores's deposition within fourteen days, and also ordered that they file a dispositive motion within fourteen days after the deposition. See Dkt. Flores was deposed by Defendants on March 2, 2012.

**II. Travel**

The instant Motion for Disqualification of Deposition was received by the Clerk's Office on March 26, 2012. Motion at 1. Defendants filed their objection to the Motion on April 4, 2012. See Defendants' Objection to Plaintiff's Motion to Disqualify the Deposition of Plaintiff (Dkt. #35) ("Objection"). After reviewing both the Motion and the Objection, the Court determined that no hearing was required and took the matter under advisement.

**III. Discussion**

   **A. Grounds for Motion**

The grounds for the Motion are fourfold. First, Flores contends that he received inadequate notice of the deposition. See Motion at 3, 6. Second, he alleges that he was not allowed to bring any notes or documents to assist him during the deposition. See id. at 3, 8. Third, he asserts that the presence at the

4

deposition of two of the Defendants, Jeffrey Aceto ("Captain Aceto" or "Aceto") and Lt. Oden, was an act of bad faith on the part of Defendants and was intended to intimidate, embarrass, annoy, and distract him while he was being deposed. See id. at 7-8. Fourth, Flores claims that the deposition was not conducted in accordance with the requirements of Fed. R. Civ. P. 30(b). Id. at 4, 6.

### 1. Notice

Flores alleges that he had less than twenty-four hours notice that he was to be deposed on March 2, 2012, see Motion at 3, and that as a result he was unprepared to answer questions concerning events which occurred over a long period of time, see id. at 3, 8. He claims that he did not receive notice until March 1, 2012, at approximately 4:30 p.m., when a correctional officer handed him a copy of Defendants' Motion for Extension and a notice that he was to be deposed the following day at 11:00 a.m. See id. at 3. Defendants do not appear to dispute Flores's claim with respect to the amount of notice he received. See Defendants' Memorandum in support of Defendant's Objection to Plaintiff's Motion to Disqualify the Deposition of Plaintiff ("Defendants' Objection Mem.") at 4 ("Written notice was hand delivered to plaintiff on March 1, 2012 by an individual other than defendants. The notice provided that pursuant to [Fed. R. Civ. P. 30(b)] plaintiff's deposition would be taken on March 2, 2012, at [the] Maximum Security Facility at 11 a.m.").

5

To the extent that Flores argues that the notice was not "even enough time to file any objections to this Court about being deposed," Motion at 4, such argument is unpersuasive. Judge McConnell had already granted Defendants permission to depose Flores and had ordered that the deposition be taken within fourteen days. See Text Orders of 2/29/12. Given these orders, there is little reason to believe that an objection or motion for protective order filed by Flores seeking significantly greater notice would have been granted. Indeed, it is clear that Judge McConnell intended that Defendants depose Flores promptly and that he clearly contemplated that Flores would have less than "14 days' notice," Fed. R. Civ. P. 32(a)(5)(A).

Similarly unpersuasive is Flores's argument that if he had received greater notice, he would have moved for the appointment of counsel to represent him at the deposition or sought to obtain retained counsel. See Motion at 7. The Court had already denied Flores's motion for appointment of counsel, see Order Denying Motion to Appoint Counsel (Dkt. #14), and the fact that he was going to be deposed, a normal part of almost every civil case, would not constitute a reason to alter that ruling. As for the suggestion that he would have sought private counsel, Flores was granted *in forma pauperis* status at the beginning of this case. See Order Granting Motion to Proceed in Forma Pauperis, Requiring Plaintiff to Pay Initial Filing Fee, and Directing ACI to Forward

6

Payments Monthly (Dkt. #8). Based on his limited financial resources, the Court sees no reasonable possibility that he would have been able to obtain private counsel to represent him at the deposition. Accordingly, the Court rejects Flores's arguments that he was prejudiced by the short notice in that he was unable to again ask for the appointment of counsel or to seek to obtain private counsel.

Nevertheless, Flores's complaint about the shortness of the notice is by no means frivolous. Rule 32(a)(5)(A) indicates that notice of less than fourteen days is deemed "short," Fed. R. Civ. P. 32(a)(5)(A), and here Flores had less than twenty-four hours, see Motion at 7 (stating that Defendants gave "Plaintiff 18 hours notice to appear at deposition"). Although at least one court has rejected a prisoner's argument that one day's advance notice of his deposition was unreasonable, see Thomas v. Hayes, No. 2:04-CV-284, 2006 WL 2708267, at *1 (E.D. Tenn. Sept. 19, 2006), the circumstances in Thomas do not exactly match those here. In Thomas, the court saw "no indication in the deposition itself that the plaintiff was not prepared for it." Id. Here, however, Flores stated on at least three occasions that he needed to look at his "notes," Deposition Transcript ("Tr.") at 30, 38, 54, in order to answer the question being posed. While the matter of Flores having access to his notes during the deposition is a separate issue, it is mentioned here because it supports to some extent Flores's claim

7

that he was "unprepared," Motion at 3, for the deposition.

In addition, there appears to be no reason why Defendants could not have given Flores at least two days' notice of his deposition. Judge McConnell's February 29th text order only required that Flores be deposed within fourteen days of that date and that Defendants file their dispositive motion fourteen days after taking his deposition. See Text Order of 2/29/12 at 8:57 a.m.

Given the circumstances, this Magistrate Judge is hesitant to find that less than twenty-hours notice constitutes reasonable notice of a deposition. Such a finding would establish an undesirable precedent and could encourage counsel for the Department of Corrections to provide similarly short notice to other *pro se* prisoners who are to be deposed. Cf. Doye v. Colvin, 378 Fed. Appx. 926, 929 (11th Cir. 2010)("Rule 30 ... does not contain an exception to the notice requirement merely because the intended deponent is a prisoner."). Accordingly, I decline to find that the eighteen hour notice which Flores received was reasonable.

**2. Notes**

Flores states that he was not "allowed to take any of his much needed notes, copies, memo [sic] etc. to assist him ...," Motion at 3, during the deposition and that this rendered him "unprepared," id. He claims that "prior to the deposition Plaintiff requested to be allowed to ac[]quire needed documents to make him familiar with

8

past incidents to the lawsuit[;] he was told no." Id. The deposition transcript provides support for Flores's contention that he was not allowed to bring his materials with him to the deposition, see Tr. at 38, and Defendants have not disputed his claim, see Defendants' Objection Mem.

According to Defendants, Flores did not "indicate during the deposition that he was in need of any documents or materials in order to provide testimony." Id. at 5. They maintain that "Plaintiff never asserted that he did not recall any of the events outlined in the complaint or any of the supporting details, nor did he claim that a certain document or note was needed to refresh his memory." Id. As evidenced by the deposition excerpts reproduced below, the record contradicts these claims by Defendants.

> Q. Were there any other assaults that occurred other than being grabbed from behind outside and then in the shower?
>
> A. Um, the prior -- I have to -- **I'd have to look at my notes**.
>
> Q. You can't recall right now?
>
> A. No.

Tr. at 30 (bold added).

> Q. Why did you put September 30th in the complaint?
>
> A. On -- that's the amended complaint right there?
>
> Q. Yes.

9

A.      **I'd have to look at my notes again.**  Because I
        tried to bring my notes into this meeting but I
        got told I had to go by myself.  Or I'd have to
        bring the notes...

Q.      Well, is September 30, 2010 accurate or inacur-
        rate?

A.      That's a Saturday, I think.  So, like I said,
        **when I get the notes** and place them out here.

Tr. at 38 (bold added).

Q.      And again, this incident happened after dinner,
        around five or six?

A.      Well, between the 5:00 and 6:00.  But on that right
        there, that **I need to look at my notes.**  Again I
        wrote -- that's what I need to do because we're
        already going a while past.  So...

Tr. at  54 (bold added).

Q.      Okay.  And then you saw Kate five days after the
        29th, and --

A.      About -- I would say about that.  **Again, it's in
        what notes I do have.**  Because I did write a
        request and I got a copy of it when I did --
        and when she finally pulled me in.  Because I was
        in seg at the time when I finally was given a
        slip and when she finally responded.  And that's
        when I was brought in from seg right here, and
        that's when this all took place.

Tr. at 58 (bold added).

It is clear from the above that Flores repeatedly indicated

that he needed his notes and that, in at least once instance, could

not fully answer without them.  Defendants offer no reason why

10

Flores should not have been allowed to bring his notes to the deposition, and this Court sees none.  The practice of deponents referring to notes during their depositions is not uncommon.  The record supports Flores's claim that he was disadvantaged because he was not allowed to bring notes to the deposition.  Accordingly, the Motion should be granted.  I so recommend.

### 3.  **Presence of Aceto and Oden**

Although the Court has already determined that the Motion should be granted, the Court will still address the third and fourth grounds as they raise issues which may reoccur if Flores is deposed a second time.  It makes practical sense to address them now.

Flores claims that the presence of Aceto and Oden, on either side of him during the deposition, was intimidating and that he was prejudiced as a result.  See Motion at 4.  In support of this claim, Flores states that Aceto and Oden both "had their mace units at the ready in clear view for Plaintiff to see," id., and that Aceto kept "smiling and smirking at [him] ...," id. at 8.  Flores also claims that Aceto and Oden engaged in "staredowns," id. at 4, although it is not entirely clear whether this occurred during the deposition or at other times, see id.

Absent a court order to the contrary, parties may attend depositions, and "due to the heightened interests of parties in the proceedings, 'factors that might justify exclusion of nonparties

11

from a deposition might not be sufficient to exclude parties because of the parties' more substantial interests in being present.'" Dade v. Willis, No. Civ.A. 95-6869, 1998 WL 260270, at *1 (E.D. Pa. Apr. 20, 1998)(quoting Hines v. Case Wilkinson, 163 F.R.D. 262, 266 (S.D. Ohio 1995)). For this reason, courts generally are loath to exclude parties from depositions in the absence of "compelling or exceptional circumstances." BCI Commc'n Sys., Inc. v. Bell Atlanticom Sys., Inc., 112 F.R.D. 154, 160 (N.D. Ala. 1986); see also Galella v. Onassis, 487 F.2d 986, 997 (2nd Cir. 1973)(stating that "such an exclusion should be ordered rarely indeed"); Kerschbaumer v. Bell, 112 F.R.D. 426, 426 (D.D.C. 1986) ("Most courts have granted protective orders to bar parties from attending depositions only in very limited circumstances.").

Unlike Flores's claims with respect to being deprived of access to his notes, he voiced no complaints during the deposition with respect to Aceto's and Oden's alleged conduct. Accordingly, I find that Flores has not demonstrated compelling or exceptional circumstances to warrant excluding them from his deposition. Cf. Rivera v. Jeziosky, No. 03-CV-830(M), 2007 WL 913990, at *6 (W.D.N.Y. Mar. 23, 2007)(recognizing "that the Federal Rules of Civil Procedure do not preclude the mere presence of Corrections Officers at the plaintiff's deposition, despite [the fact] that this is a suit against other prison officials and guards.") (alteration in original)(internal quotation marks omitted). To the

12

extent the Motion seeks to bar Aceto and Oden from being present if Defendants choose to re-depose him, such relief should not be granted. I so recommend.

### 4. Compliance with Fed. R. Civ. P. 30

Flores notes that the officer before whom the deposition was conducted failed to comply with the requirements of Fed. R. Civ. P. 30(b)(5)(A) and 30(b)(5)(C). See Motion at 4, 6. The transcript supports Flores's complaint. It does not reflect that the officer began the deposition with an on-the-record statement that included:

(i) the officer's name and business address;

(ii) the date, time, and place of the deposition;

(iii) the deponent's name;

(iv) the officer's administration of the oath or affirmation to the deponent; and

(v) the identity of all persons present.

Fed. R. Civ. P. 30(b)(5)(A).[5] Similarly, the transcript does not reflect that at the end of the deposition, "the officer ... state[d] on the record that the deposition [was] complete ...." Fed. R. Civ. P. 30(b)(5)(C).

Without some showing that Flores has been prejudiced by the

---

[5] While the transcript contains the officer's name and business address; the date, time, and place of the deposition; the deponent's name; and the identity of the persons present, see Tr. at 1-3, this information is not in the form of an on-the-record statement as required by Rule 30(b)(5)(A). In addition, the transcript does not reflect the administration of the oath to Flores, but merely states that Flores "[b]eing duly sworn, deposes and testifies as follows." Tr. at 4.

omission of these formalities, this Court would not be inclined to grant the Motion on this ground alone. See Carpenter v. Forest Meadows Owners Ass'n, No. 1:09-cv-01918-JLT, 2011 WL 3207778, at *8 (E.D. Cal. July 27, 2011)("Though the Court does not condone the failure to comply with the Rule, it does not either promote form over substance."); id. (denying motion to prohibit use of video recording without prejudice where there had been noncompliance with Rule 30(b)(5)(B) but the written deposition transcript ensured that there had been no falsification of the recordings).  However, if Flores is re-deposed by Defendants, counsel for Defendants should ensure that there is compliance with the requirements of Rule 30(b).

### B. Summary

Because Flores did not have reasonable notice of the deposition and also because he was not allowed to have access to his notes while being questioned, the Motion should be granted. Accordingly, Defendants should be precluded from making any use of the deposition transcript.  Flores, however, has not shown compelling circumstances to warrant the exclusion of Aceto and Oden from his deposition if he is re-deposed. Lastly, if Flores is re-deposed, counsel for Defendants should ensure that the requirements of Fed. R. Civ. P. 30(b) are fully complied with and that the transcript reflects such compliance.

**IV. Conclusion**

For the reasons stated above, I recommend that the Motion be granted and that Defendants be precluded from making any use of Plaintiff's March 2, 2012, deposition. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
September 6, 2012