UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSEPH FLORES )<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ASHBEL T. WALL, et al., )<br>Defendants. )<br>_____ ) | C. A. No. 11-69-M |

## ORDER

Before this Court are three Reports and Recommendations (R&Rs) from United States Magistrate Judge David L. Martin — ECF Nos. 41, 42, and 43. Also before this Court are objections to two of those R&Rs — defendant Aceto's objection to ECF No. 41 (ECF No. 44) and defendants' objection to ECF No. 43. (ECF No. 45.) No defendants objected to R&R ECF No. 42. Mr. Flores did not object to any of the R&Rs.

In passing on objections to an R&R, this Court reviews de novo the parts of the R&R to which objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

After a thorough review of all of the papers, including the objections, this Court rules as follows:

1. R&R ECF No. 41 is accepted and adopted in total for the reasons stated therein. Therefore, Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Defendant Oden's Motion for Summary Judgment (ECF No. 29) is GRANTED in part and DENIED in part as set forth in R&R ECF No. 41.

2. R&R ECF No. 42 is accepted and adopted in part. Regarding plaintiff's Motion for Permanent Injunction and Extension of Pretrial Deadlines (ECF No. 24), the request for a permanent injunction is DENIED for the reasons stated in R&R ECF No. 42, while the request to extend pretrial deadlines is DENIED AS MOOT. For the reasons stated in R&R ECF No. 42, plaintiff's Motion for an Injunction (ECF No. 31) is DENIED and plaintiff's Motion for Permanent Injunction (ECF No. 39) is DENIED.

3. R&R ECF No. 43 is accepted and adopted in part. Defendants may re-depose Mr. Flores provided they comply with following conditions: (i) Mr. Flores will be provided with written notice of his deposition at least fourteen days before the date and time that his deposition commences; (ii) Mr. Flores will be permitted to have with him at his deposition any notes or documents he deems helpful or necessary; (iii) defendants Aceto and Oden may be present when Mr. Flores is re-deposed, but they are not allowed to attend in any official capacity guarding Mr. Flores; and (iv) if defendants Aceto and Oden choose to be present at Mr. Flores' deposition, then they shall not be seated in close proximity to Mr. Flores. Therefore, Plaintiff's Motion for the Complete Dismissal, Disqualification of Deposition of Plaintiff as Prejudicial Done in a Bad Faith Manner, and Sanctions (ECF No. 32) is GRANTED. The deposition of Mr. Flores taken on March 2, 2012 is STRICKEN in its entirety. Defendants may re-depose Mr. Flores in accordance with the above conditions.

4. This Court will issue separately a pretrial scheduling order governing this case for the remaining defendants and claims.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge
September 25, 2012